## Arthur v. Gardner

*William Henry Foucar*, for plaintiff.
*Michael J. Maggio*, for defendant.

HUMES, J., September 5, 1941.—This case involves a judgment confessed upon a warrant of attorney for the balance due on a note made by defendant payable to plaintiff. Execution was ordered and defendant, through his attorney, filed a petition for a rule to show cause why the judgment should not be stricken off. . . .

Defendant contended that the judgment should be stricken off because with the confession of judgment an affidavit was not filed, in accordance with the terms and provisions of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178; we read that act as requiring, in section 200(1), such an affidavit "if there shall be a default of any appearance by the defendant" and not in a case where, as here, there has been a *confession* of judgment on behalf of the defendant by an attorney authorized so to do by the defendant himself in writing. The default which based this entry of judgment is not a "default of any appearance by the defendant", but a default in payment. That a judgment, so confessed, is not entered in "default of any appearance by the defendant" is conclusively proved upon examination of the second line of the confession of judgment in the statement and confession here filed: "We hereby *appear for the said defendant* and confess judgment against him . . ." (Italics supplied.)

"Judgments by default are sometimes referred to as judgments 'pro confesso' but are nevertheless distinguishable from judgments technically known as judgments by confession": 6 Standard Pa. Practice 731, §252.

We, therefore, discharge the rule insofar as it sought the striking off of the judgment.

### Order

And now, September 5, 1941, the rule granted March 4, 1941, is dismissed, and the order directing execution issued to no. 1, March term, 1941, to be stayed is revoked.